UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CONSTANTINEE L. JACKSON,

                 Petitioner,
    v.
                                                9:22-CV-0838
                                                (GLS/ATB)
J. COREY

                 Respondent.
_____

APPEARANCES:                                   OF COUNSEL:

CONSTANTINEE L. JACKSON
Petitioner, pro se
04-B-3073
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

GARY L. SHARPE
United States Senior District Judge

**DECISION and ORDER**

     Petitioner Constantinee Jackson seeks federal habeas relief pursuant to 28 U.S.C.

§ 2254.  Dkt. No. 1, Petition ("Pet.").  In an extensive Decision and Order, dated September

9, 2022, the court explained that: (1) the present petition was successive, (2) the court lacked

subject matter jurisdiction to consider the petition, and (3) the petition must be transferred to

the Second Circuit Court of Appeals for a determination as to whether the successive petition

should be authorized to proceed pursuant to 28 U.S.C. § 2244(b).  Dkt. No. 7, Decision and

Order ("September Order").

     Presently before the court is petitioner's motion for reconsideration of the September

Order.  Dkt. No. 11.  In the motion, petitioner explicitly acknowledges that his petition is

successive as he "has filed several habeas petitions in th[e] Northern District[.]"  *Id.* at 2.  Petitioner provides what appears to be a reproduction of an exchange between himself and a judge during his underlying state court criminal proceedings; however, the court cannot determine whether the reproduction is an actual exchange or an example which was supposed to be used for illustrative purposes.  *Id.* at 2-3.  In it, petitioner argues that, without various bonds being paid to support the claims lodged against him, the judicial system has no authority over him and he should be released.  *Id.*

In support of his motion, petitioner attaches various documents including (1) an excerpt from petitioner's plea colloquy, Dkt. No. 11 at 6-9; (2) the Oaths of Office for two state court judges, *id.* at 10-15; (3) the Sentence and Commitment Order from petitioner's 2004 sentence for second degree murder, *id.* at 16; (4) the New York State Department of Corrections & Community Supervision's (DOCCS") Inmate Information form for petitioner from 2006, *id.* at 18-19; and (5) petitioner's criminal indictment, *id.* at 20-21.[1]  The relevance of these documents to the present motion is unclear.

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented.  *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. N.Y.C Dep't of Soc. Servcs.*, 709 F.2d

---

[1]  DOCCS was formerly known as the New York State Department of Correctional Services.

782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007). However, "[a] motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Utica Mut. Ins. Co. v. Clearwater Ins. Co.*, No. 6:13-CV-1178 (GLS/TWD), 2015 WL 4496374, at *1 (N.D.N.Y. July 23, 2015).

      Here, petitioner's reasoning does not justify reconsideration of the Court's September Order.  Generally speaking, petitioner does not identify overlooked controlling decisions or data that would reasonably change the court's prior decision.  Nor does petitioner provide new facts or instances of clear error or manifest injustice.  In fact, petitioner agrees with the court's analysis that his petition was successive and acknowledges that he has filed several habeas corpus petitions in the past.  Dkt. No. 11 at 2.  Accordingly, for the reasons already discussed in the September Order, this court was without "jurisdiction to decide [a] successive petition[], . . . [and wa]s required to transfer th[e] action to the appropriate Court of Appeals . . . pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) . . . whether the petitioner should be permitted to file a . . . successive habeas petition in the district court."  September Order at 5-6.

      Moreover, petitioner's motion fails to indicate any reason why the September Order was incorrect.  Instead, the motion proffers conclusory arguments that the state court's decision to continue exercising jurisdiction over petitioner's criminal case was unlawful given the failure to acquire all the allegedly necessary bonds.  Assuming those arguments were supposed to illustrate petitioner's discontent with his petition being deemed successive and transferred, the best that can be said is that petitioner disagreed with the Court's analysis.  However, disagreement alone is not a basis for reconsideration.  *See Finkelstein v. Mardkha*,

518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007)).

Therefore, petitioner's motion for reconsideration must be denied.  *See Powell v. United States*, No. 3:16-CV-0929, 2016 WL 4186909. at *2 (D. Conn., Aug. 8, 2016) (denying motion to reconsider the district court's decision to transfer a successive petition to the Second Circuit where it was clear that the petition was, "in fact, a successive petition . . . that must be certified by the Second Circuit" and petitioner failed to provide anything more than conclusory arguments "that th[e c]ourt erred in transferring his case[.]").

**WHEREFORE**, it is

**ORDERED**, that petitioner's motion for reconsideration (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

October 28, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge